## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTOINETTE B. BRADY,
               Appellant,

       v.

DEPARTMENT OF THE NAVY,
               Agency.

DOCKET NUMBER
AT-0432-14-0389-I-1

DATE: July 24, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephanie Bernstein, Esquire, and Bobby Devadoss, Esquire, Dallas, Texas,
    for the appellant.

Terry Rush, Mark Slowiaczek, and Joseph Sullivan, Millington, Tennessee,
    for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's performance-based removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On August 27, 2013, the agency placed the appellant on a 34-day performance improvement plan (PIP) for unacceptable performance in the following three Critical Elements of her GS-14 Equal Employment Manager position:  (1) Implementation of Model Equal Employment Opportunity (EEO) Program Office Infrastructure; (2) Development of EEO Briefings; and (3) Development of the Bureau of Naval Personnel FY13 Model EEO Program Report.   Initial Appeal File (IAF), Tab 7 at 51-55, 119.   After the agency determined that the appellant's performance in Critical Elements 1, 2, and 3 had not improved to the acceptable level, the agency issued a notice of proposed removal on October 28, 2013.  *Id.* at 77-79; *see* IAF, Tab 1 at 14-30.  At the same time, the agency placed the appellant on administrative leave pending a decision on her proposed removal.  IAF, Tab 1 at 11.  The appellant presented an oral reply and submitted a written reply to the proposal notice.  IAF, Tab 7 at 82-114. After considering the appellant's oral and written replies, the deciding official

decided to remove her for unacceptable performance in Critical Elements 1, 2, and 3 of her position effective December 10, 2013. *Id.* at 116-17, 119.

¶3 The appellant filed an appeal of her removal with the Board. IAF, Tab 1. She raised the affirmative defenses of a due process violation and discrimination based on age and disability.[2] IAF, Tab 1 at 3, Tab 3 at 3, 5, Tab 20 at 1, Tab 24 at 4-7, 12-17, 30-32. In an initial decision based on the written record, the administrative judge affirmed the agency's removal action. IAF, Tab 28, Initial Decision (ID) at 1, 23-24. She also found that the appellant failed to meet her burden of proving her affirmative defenses. ID at 17-23.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly sustained the appellant's performance-based removal.</u>

¶5 To prevail in an appeal of a performance-based removal under chapter 43, the agency must establish by substantial evidence[3] that: (1) the Office of Personnel Management (OPM) approved its performance appraisal system and any significant changes thereto;[4] (2) the agency communicated to the appellant

---

[2] The appellant withdrew her affirmative defenses of race discrimination and retaliation for protected EEO activity. IAF, Tab 24 at 12.

[3] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p).

[4] Ordinarily, the Board will presume that OPM has approved the agency's performance appraisal system; however, if an appellant has alleged that there is reason to believe that OPM did not approve the agency's performance appraisal system or significant changes to a previously approved system, the Board may require the agency to submit evidence of such approval. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010). We agree with the administrative judge that the appellant has not contested this factor. *See* ID at 5 n.4.

the performance standards and critical elements of her position;[5] (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(b)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which she was provided an opportunity to demonstrate acceptable performance. *Lee*, 115 M.S.P.R. 533, ¶ 5.

¶6        In her petition for review, the appellant claims that the administrative judge erred in finding that the agency's performance standards are valid under 5 U.S.C. § 4302(b)(1). PFR File, Tab 1 at 16; *see* ID at 6-9, 17. To support her argument, the appellant reiterates portions of her affidavit that she submitted below alleging that the standards are impermissibly vague and subjective. PFR File, Tab 1 at 16; *see* IAF, Tab 24 at 27. Based on our review of the record, and for the reasons contained in the initial decision, we discern no reason to disturb the administrative judge's finding that the agency's performance standards are valid. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions).

¶7        The appellant additionally argues that the administrative judge erred in finding that the agency afforded her an adequate opportunity to improve her performance. PFR File, Tab 1 at 6-10*; see* ID at 6-9. Specifically, she alleges that she did not receive agency assistance in the form of feedback during the PIP, templates and work samples, or daily meetings with her supervisor that were described in the PIP. PFR File, Tab 1 at 7-10. She further alleges that the

---

[5] In her petition for review, the appellant does not dispute the administrative judge's finding that the agency communicated to her the performance standards and critical elements of her position. *See* ID at 9; PFR File, Tab 1. We find no reason to disturb this finding.

duration of the PIP was unreasonable and that it was not possible for her to complete the assigned tasks in the 24 workdays during her 34-calendar-day PIP. *Id.* at 6-7, 9-10. Finally, she contends that her supervisor denied her requests for additional or alternative work hours to complete the PIP assignments. *Id.* at 10.

¶8        The administrative judge found that the agency provided specific instructions on how to complete the appellant's assignments and where to ask for a sample, offered training that she declined, and provided weekly progress reports during the PIP period. ID at 6-9, 17. The record supports the administrative judge's finding that the agency provided such assistance during the PIP. IAF, Tab 7 at 57-58, 65-71, Tab 27 at 14-17, 21-23. The administrative judge also found that someone in the appellant's high-level position with over 30 years of Federal service should have been able to timely and accurately complete the assignments. ID at 9, 17; *see Satlin v. Department of Veterans Affairs*, 60 M.S.P.R. 218, 225 (1993) (finding that the administrative judge properly considered the appellant's length of service and experience in concluding that the appellant had received both adequate instruction and time in which to demonstrate improvement); *see also Lee*, 115 M.S.P.R. 533, ¶ 32 (in determining whether an agency has afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time that is sufficient to provide the employee with an opportunity to demonstrate acceptable performance). Based on our review of the record, we agree with the administrative judge's finding that the agency provided sufficient assistance to the appellant considering her high-level position and significant experience.[6]

---

[6] The appellant claims that the agency did not provide her with sufficient assistance because she did not have daily meetings with her supervisor as specified in the PIP. PFR File, Tab 1 at 7-8; *see* IAF, Tab 7 at 51. However, the supervisor stated in an affidavit that she was available for daily meetings, but the appellant did not request any additional meetings beyond what was scheduled. IAF, Tab 27 at 14-15. Even assuming

¶9        The appellant also argues that the administrative judge erred by relying on the case, *Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93 (1989), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table), for the proposition that a 30-day PIP is reasonable because the appellant there had relatively simple clerical tasks as a GS-5 Secretary, whereas her GS-14 position entailed complex assignments requiring more time.  PFR File, Tab 1 at 7; *see* ID at 8.  Although she is correct to distinguish *Melnick* based on the difference in position and nature of duties, we find that the administrative judge properly cited to the case as an example of where the Board found that a 30-day PIP was reasonable.  The administrative judge considered other factors in finding that the 34-day PIP was a reasonable period to demonstrate improvement, such as the appellant's significant experience, her high-level position, and the fact that she had known about the assignments since May 13, 2013.  ID at 9; *see* IAF, Tab 1 at 14-17; *see also Lee*, 115 M.S.P.R. 533, ¶ 32; *Satlin*, 60 M.S.P.R. at 225.  Because we agree with the administrative judge that the duration of the 34-day PIP was reasonable, we find that the agency did not err in denying the appellant's requests for additional or alternative hours to work on the overall PIP.  We also note that the agency granted the appellant's requests for extensions to complete individual subcomponents of the critical elements.  IAF, Tab 7 at 65-70, 73-75.  For all these reasons, we agree with the administrative judge's finding that the agency provided the appellant an adequate opportunity to demonstrate acceptable performance.

¶10       The appellant further claims that the administrative judge erred in finding that her performance in Critical Elements 1, 2, and 3 was unacceptable.  PFR File, Tab 1 at 13-16; *see* ID at 10-17.  Specifically, she alleges that the administrative judge failed to consider the facts as presented in her affidavit.  PFR File, Tab 1

---

that the appellant wanted to meet with her supervisor more often than twice a week, we find that the agency provided sufficient assistance to the appellant under the circumstances.  *See* PFR File, Tab 1 at 7.

at 13-16; *see* IAF, Tab 24 at 24-32. She also disagrees with the administrative judge's determination that she did not submit the report required under Critical Element 1 on what specific actions were required for the Bureau of Naval Personnel to become compliant with Navy EEO guidelines by the September 30, 2013 deadline. PFR File, Tab 1 at 14; *see* IAF, Tab 7 at 77-78. The administrative judge found that the appellant submitted an initial report, but failed to submit an updated report implementing the agency's suggestions and corrections. ID at 11-12; *see* IAF, Tab 7 at 69. The appellant further disputes the administrative judge's finding that the agency required the appellant to submit a final executive Sunshine presentation under Critical Element 2 instead of a draft, as stipulated in the PIP. PFR File, Tab 1 at 15; *see* IAF, Tab 7 at 78. The administrative judge found that the PIP required the Sunshine presentation to be of an acceptable quality, which the appellant's draft presentation did not meet. ID at 13-14. We find that the appellant has not adequately explained why the administrative judge's factual findings are incorrect and how such factual errors are material, or of sufficient weight to warrant an outcome different from that of the initial decision. *See* 5 C.F.R. § 1201.115. We also find that the administrative judge properly considered the appellant's affidavit because she thoroughly discussed it in the initial decision. ID at 11, 13, 15-17. Therefore, we agree with the administrative judge that the agency proved the appellant's unacceptable performance.

The administrative judge properly found that the appellant failed to prove a violation of due process.

¶11    Further, the appellant alleges that the administrative judge failed to apply the proper legal basis to her claim of a due process violation. PFR File, Tab 1 at 10-12. She contends that she was denied a meaningful opportunity to reply to the proposed removal because the agency denied her access to "her work product and other related information stored in her computer" by placing her on administrative leave at the same time as proposing her removal. *Id.* at 10. The

appellant argues that the administrative judge erred in finding not credible the appellant's allegation that she requested access to materials on her computer. *Id.* at 11; *see* ID at 19. She further claims that the administrative judge limited discovery on the due process claim to requests for admissions, further preventing her from having full access to her computer records. PFR File, Tab 1 at 12; *see* IAF, Tab 18.

¶12    The administrative judge considered the appellant's due process arguments and found that she had received all of the documents supporting the proposed removal. ID at 19; *see* IAF, Tab 7 at 80, 85, Tab 27 at 10, 16. The administrative judge further stated that she was not persuaded that the appellant made a request to access her files on the computer because she did not make such a request in her written response. ID at 19-20; *see* IAF, Tab 7 at 82-90, Tab 27 at 11, 16-17, 22, 24-25. The administrative judge found that the agency afforded the appellant due process because the appellant received notice, including the evidence file, and she replied orally and in writing to the deciding official. ID at 20.

¶13    The appellant does not provide a reason to dispute the administrative judge's finding that she received due process. *See* 5 C.F.R. § 1201.115. The administrative judge properly made a credibility determination consistent with *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). In determining that the appellant's assertion that she requested access to materials on her computer was not credible, the administrative judge appropriately considered the appellant's written reply as contradictory evidence. ID at 19; *see Hillen*, 35 M.S.P.R. at 458. Further, the administrative judge did not abuse her discretion by limiting the appellant's discovery on the due process claim to requests for admissions. *See Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶ 12 (2010) (finding that an administrative judge has broad discretion, including the authority to rule on discovery motions); 5 C.F.R. § 1201.41(b)(4). Based on our review of the record, we agree with the administrative judge's finding that the appellant failed to prove her claim of a due process violation.

¶14     Although we find no due process violation, we still must determine whether the agency committed a harmful procedural error.  *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377-78 (Fed. Cir. 1999) (observing that, in addition to the right to due process, "[p]ublic employees are . . . entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure").  Under 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency's decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision."  An agency's procedural error is harmful if it is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  5 C.F.R. § 1201.4(r).  Even assuming that the appellant requested access to materials on the computer and the agency denied that request, she has not identified a procedure the agency has violated.  The agency complied with OPM's required procedures for proposing an action based on unacceptable performance by providing the appellant advance notice of the removal and an opportunity to answer the proposal notice.  *See* IAF, Tab 7 at 77-79; *see also* 5 C.F.R. § 432.105(a).  Neither has she shown that it is likely that the agency would not have removed her had she been granted access to the materials on her computer.  Therefore, we find that she has not proven a harmful procedural error.

The administrative judge properly found that the appellant failed to prove her affirmative defenses of age and disability discrimination.

¶15     Next, the appellant reiterates her claims of age and disability discrimination.  PFR File, Tab 1 at 16-22.  She does not provide any new and material evidence or legal argument, or allege a specific error in the administrative judge's findings that she failed to prove these affirmative defenses.  *See* ID at 23; 5 C.F.R. § 1201.115(d).  Based on our review of the record, we discern no reason to disturb these findings.  *See Crosby*, 74 M.S.P.R. at 105-06.

<u>The administrative judge properly considered the agency's close of record submission.</u>

¶16    Lastly, the appellant alleges that the administrative judge improperly considered the agency's untimely close of record submission and failed to respond to the appellant's motion to strike such evidence. PFR File, Tab 1 at 12-13; *see* IAF, Tabs 25, 27. The administrative judge found that the agency's submission was timely and denied the appellant's motion to strike. ID at 20. The administrative judge stated in the order and summary of the close of record conference that each party had until September 5, 2014, to respond to the other party's submission, IAF, Tab 23 at 12-13, and the record shows that the agency submitted its response to the appellant's submission on September 5, 2014, IAF, Tab 27. We note, however, that the close of record order compelled both parties to submit their initial close of record submissions by August 28, 2014, including all evidence and argument related to the issues for which they have the burden of proof. IAF, Tab 23 at 12. Because the agency has the burden to prove the elements of a performance-based removal, we find that the portion of the agency's submission addressing its removal action was untimely because it should have been submitted by August 28, 2014. *See Lee*, 115 M.S.P.R. 533, ¶ 5.

¶17    Although the agency failed to submit a timely close of record submission, we find that the Board's regulations permit a party to submit additional evidence or argument after the close of record in rebuttal to new evidence or argument submitted by the other party just before the record closed, as occurred in this case. *See* 5 C.F.R. § 1201.59(c)(2). The agency argued in its response to the appellant's motion to strike that she raised new claims regarding her performance-based removal that the agency could not have previously addressed. IAF, Tab 26 at 5-8. Although the appellant raised the general issue of her performance-based removal in her prehearing submission, IAF, Tab 20, we agree with the agency that her close of record submission contained new and detailed allegations not previously raised in this appeal, IAF, Tab 24 at 7-11, 24-30.

Therefore, we find that the administrative judge properly considered the agency's submission and denied the appellant's motion to strike.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States

district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.